**BERTHELOT, Appellant,**

v.

**BERTHELOT, Appellee.**

[Cite as *Berthelot v. Berthelot,* 154 Ohio App.3d 101, 2003-Ohio-4519.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21345.

Decided Aug. 27, 2003.

Robert I. Zashin and Robert M. Fertel, for appellant.

Thomas C. Loepp and Dreama Anderson, for appellee.

Batchelder, Judge.

{¶ 1} Appellant, Maureen A. Berthelot, appeals from a judgment of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm in part and reverse in part.

{¶ 2} Appellant and appellee, Michael J. Berthelot, were married February 14, 1976. Five children were born as issue of the marriage. In 1996, the court granted the parties a divorce. In its decree, the court ordered an equal division of marital property and debt—granting appellant $467,389 in assets and $169,362 as a cash settlement, spousal support of $6,000 per month for 47 months to appellant, child support in the amount of $2,127.59 per month for each of four unemancipated children to appellant as custodial parent, and private school tuition for the children to be paid by appellee, and ordered assets valued at $201,628 to be held in trust for the college education of the children.

{¶ 3} At the time of the divorce, appellant was forty years old, with a high school education. Her only work experience was as a secretary with the Internal Revenue Service until early in her marriage to appellee. Appellee was forty-five years old, a CPA with an MBA degree and a gross income of $536,857, as president and CEO of TransTechnology Corp. ("TTC"). He had previously been self-employed as a consultant. Both parties were in good health.

{¶ 4} Appellant appealed from that judgment, and this court remanded the question of spousal support to the trial court for consideration of the factors in R.C. 3105.18 and *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83. *Berthelot v. Berthelot* (Apr. 15, 1998), 9th Dist. No. 18331, 1998 WL 178561. In response, the trial court extended spousal support in the same amount for 13 additional months.

{¶ 5} In her present appeal, appellant has challenged three post-decree orders regarding child support, spousal support, and attorney fees through 15 assignments of error. Some assignments of error are considered together for ease of discussion.

### First Assignment of Error

"The trial court erred in using two (2) different child-support worksheets for two (2) different time periods when only one (1) motion to modify child support was filed."

### Second Assignment of Error

"The trial court erred in deducting $152,011 from appellee's 1998 gross income for child-support purposes for ordinary and necessary business expenses since such expenses were not incurred in generating gross receipts for his private consulting business."

### Third Assignment of Error

"The trial court erred in its evaluation of the increase in the value of appellee's unexercised stock options in 1998 by not considering the increased value of options that vested prior to 1998."

### Fourth Assignment of Error

"The trial court erred in deducting appellee's payments for the parties' minor children's private educational expenses from his 1998 gross income since the trial court failed to properly determine if the guideline amount of child support was unjust or inappropriate, and no request was made by appellee at the motion hearing for a deviation from the guideline amount of child support."

### Fifth Assignment of Error

"The trial court erred in [adopting] the nun pro tunc [sic] magistrate's decision of January 23, 2002, when it was not apparent from the record that the magistrate was merely correcting her original magistrate's decision to include what was actually recommended therein; and where no records from the child enforcement agency were presented at the motion hearing."

### Sixth Assignment of Error

"The trial court erred in deducting $273,171 for appellee's 1999 ordinary and necessary business expenses from his gross income for child support purposes when such expenses were not sufficiently verified by appellee."

{¶ 6} The first six assignments of error relate to appellant's motion to modify child support. "[A] trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Pauly v. Pauly* (1997), 80 Ohio St.3d 386, 390, 686 N.E.2d 1108, citing *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. An abuse of discretion is more than an error of judgment but instead connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶ 7} Appellant filed a motion to modify child support on June 2, 1998. At that time, two children remained unemancipated. A three-day hearing was held before the magistrate on August 17, 2001, August 20, 2001, and October 10, 2001, and the magistrate issued her decision on December 27, 2001. By the time of that decision, all the children were emancipated. The trial judge addressed objections and entered its final order on November 5, 2002.

{¶ 8} Appellant first asserts that the trial court erred in utilizing two separate child-support worksheets to determine appellee's modified child-support obligation when only one motion to modify was filed. The first worksheet covered the period from the date of filing of the motion to modify, June 2, 1998, until the date of the emancipation of the parties' second youngest child, June 1, 2000. This worksheet indicated appellee's annual gross income to be $1,107,124.87. The second worksheet covered the period from June 1, 2000, until August 4, 2001, the date of emancipation for the parties' youngest child. The second worksheet indicated appellee's annual gross income to be $571,240. Appellant argues that the trial court was obliged to determine the child-support obligation based only on the calculations applicable to the time the motion was filed.

{¶ 9} The trial judge overruled appellant's objection to the decision of the magistrate, observing that "[t]he Magistrate had the benefit of having Defendant's *actual* income before her for each of the child support periods in question because the years had passed." (Emphasis in original.)

■ {¶ 10} When a party moves to modify an existing child-support order, the trial court must follow the procedures enunciated in R.C. 3113.215 [1] literally and technically in all material respects. *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph two of the syllabus. In so doing, the trial court is limited to determining the child support obligation as of the time the motion was filed. *Justinger v. Schlegel* (Sept. 26, 1994), 3d Dist. No. 11–94–2, 1994 WL 521205. See, also, *Bowen v. Bowen* (1999), 132 Ohio App.3d 616, 639–640, 725 N.E.2d 1165. Consideration of years subsequent to the motion to modify constitutes a sua sponte modification of child support not provided for by R.C. 3113.215(B)(4). See, e.g., *Justinger*, supra; *O'Neill v. O'Neill* (May 20, 1999), 8th Dist. No. 73407, 1999 WL 322710.

{¶ 11} Accordingly, the trial court was required to calculate the child-support obligation based upon calculations as of the time the motion to modify child support was filed. The first assignment of error is well taken.

■ {¶ 12} Second, appellant argues that the trial court erred in deducting $152,011 as ordinary and necessary business expenses from appellee's 1998 gross income for the purpose of determining child support. Appellant maintains that such expenses are deductible only against self-employment income and that the deduction should not have been allowed because appellee was an employee of TTC in 1998.

{¶ 13} Appellee testified below that the subject amounts were loan payments that were paid each year toward assets that generated income. Appellee further testified that he became president of his company, which now pays his salary, as a result of taking certain loans through his consultant business to buy stock in TTC.

{¶ 14} In 1998, appellee received income both as an employee of TTC and as a self-employed consultant. In considering whether to permit the deduction, the trial court relied on *Kamm v. Kamm* (1993), 67 Ohio St.3d 174, 616 N.E.2d 900, paragraph one of the syllabus, which found the acquisition of a capital asset to be deductible against the child-support obligor's gross receipts provided that it is both " 'ordinary and necessary' and is acquired by an actual cash expenditure." Id. The trial court allowed the deduction, finding that the stock purchase made it possible for appellee to "climb the corporate ladder."

{¶ 15} *Kamm*, however, also requires a determination by the trial court that allowance of such deduction is in the best interest of the child. *Kamm*, 67 Ohio

---

1. The applicable amendment to R.C. 3113.215 is that statute in effect at the time appellant filed her motion to modify child support. *Houts v. Houts* (1995), 99 Ohio App.3d 701, 704, 651 N.E.2d 1031. Therefore, all references hereinafter to R.C. 3113.215, and other relevant statutes, are to those statutes, as amended on June 2, 1998.

St.3d at 177–178, 616 N.E.2d 900. Upon review, we find that the allowance of the deduction may be grounds for deviation from the child-support guidelines pursuant to R.C. 3113.215, provided that the best interest of the children is considered and supported with findings of fact. See *Kamm*, 67 Ohio St.3d at 177–178, 616 N.E.2d 900. Therefore, this matter is remanded to the trial court for reconsideration of whether to allow the deduction in light of the factors set forth in *Kamm*. The second assignment of error is sustained.

{¶ 16} Third, appellant contends that the trial court erred in its evaluation of appellee's unexercised stock options. The trial court valued the stock options "by taking the stock price on the most recent date that an option could be exercised and subtracting the price on the day that the option is granted."

{¶ 17} Appellant contends that the trial court should have also considered the increased value of unexercised options that vested prior to 1998. Appellant cites unexercised stock options that vested in 1996 and 1997, which increased in value during 1998. She contends that 9000 unexercised stock options, which vested prior to 1998, increased $7.50 per share in 1998 and that appellee's 1998 gross income should reflect that increase.

{¶ 18} Appellee contends that stock options should be valued by determining the options' appreciation in value as determined on the grant and exercise dates of the options that fall into the income year at issue.

{¶ 19} The Twelfth District Court of Appeals recently considered a similar question and stated: "Any attempt to determine the current appreciation in value of [the party's] options, and therefore determine his imputed income from the stock options, must be the most accurate and equitable method which the court can utilize." *Murray v. Murray* (1999), 128 Ohio App.3d 662, 674, 716 N.E.2d 288. The court indicated:

"[T]he best way to value such stock options is to account for the options' appreciation in value as determined on the grant and exercise dates of the options which fall into the income year at issue. By this method, the options are valued according to the underlying stock price on the date most important to the options' holder, the date the options may be exercised and income realized." *Murray*, 128 Ohio App.3d at 675, 716 N.E.2d 288.

{¶ 20} However, the *Murray* court also indicated that such a determination should include the appreciation in value of the stock underlying the option for a particular year. *Murray*, 128 Ohio App.3d at 675–676, 716 N.E.2d 288.

{¶ 21} As stated by the *Murray* court, this method "best captures the immediate appreciation in value the stock has gained due to [the owner's] choice not to exercise the options and allow their potential value to increase. Whenever [the owner] chooses not to exercise his options, he is making an investment

choice, and he should not be allowed to benefit from such a choice by depriving his child of the substantial growth in the stock options' values." *Murray*, 128 Ohio App.3d at 676, 716 N.E.2d 288.

{¶ 22} To the extent that the trial court's decision does not account for the increase in value during 1998 of unexercised stock options that vested prior to 1998, the third assignment of error is well taken.

{¶ 23} Fourth, appellant argues that the trial court erred in deducting appellee's payments for the children's private education expenses from his 1998 gross income without first determining whether the guideline amount of child support was unjust or inappropriate. Appellant argues that such a deduction would constitute a deviation from the guideline amount of child support, and that such deviation requires a finding that the guideline amount is unjust or inappropriate and also that it is not within the best interest of the children. Appellee apparently concedes that such deduction constitutes a deviation from the child support guidelines.

{¶ 24} The amount of child support calculated pursuant to the basic child support schedule and applicable worksheet is rebuttably presumed to be the correct amount of child support due. R.C. 3119.03. This court has held, however, that R.C. 3119.22 allows a court to order child support in an amount that deviates from the calculation obtained from the child-support schedule and applicable worksheet, only if after considering the factors and criteria set forth in R.C. 3119.23, it determines (1) that the amount calculated would be unjust or inappropriate; and (2) that the amount would not be in the best interest of the children. *Brown v. Brown*, 9th Dist. No. 02CA0030, 2003-Ohio-239, 2003 WL 150089, ¶ 9. Further, when the income of the parents is greater than $150,000, the appropriate standard for the amount of child support is "that amount necessary to maintain for the children the standard of living they would have enjoyed had the marriage continued." *Birath v. Birath* (1988), 53 Ohio App.3d 31, 37, 558 N.E.2d 63. See, also, *Paluch v. Paluch* (Nov. 1, 2000), 9th Dist. No. 19923, 2000 WL 1636025.

{¶ 25} In this case, the trial court did not make a determination that the guideline amount was unjust or inappropriate, nor did it determine that allowing the deduction would be in the best interest of the children. Further, the trial court failed to consider the amount necessary to maintain the standard of living the children would have enjoyed had the marriage continued.

{¶ 26} The judgment of the trial court indicates only that such payment for the children's private education is "substantial" and "clearly benefits the children." This fourth assignment of error is, therefore, remanded to the trial court for

consideration under the appropriate standards. Appellant's argument is well taken.

{¶ 27} Next, appellant argues that the trial court erred in approving the magistrate's nunc pro tunc entry. The magistrate's initial decision, dated December 27, 2001, stated as follows:

"As the last child emancipated August 4, 2001, there is no current obligation. Therefore Defendant shall pay to Plaintiff a total of $326,864.48 through the CSEA plus poundage. He shall have six months from the date of this order to pay this amount or a judgment shall issue."

{¶ 28} A nunc pro tunc entry was placed on the record on January 23, 2002. That order indicated as follows:

"As the last child emancipated August 4, 2001 there is no current obligation. Therefore Defendant shall pay to Plaintiff a total of $204,755.63. This represents the recalculated amount of $326,864.48 less $122,108.85 which Defendant paid from June 2, 1998 to August 4, 2001. Defendant shall have six months from the date of this order to pay this amount through CSEA, plus poundage, or a judgment shall issue."

{¶ 29} The trial court approved the nunc pro tunc order, finding it to be the correction of a clerical mistake. Appellant argues on appeal that the nunc pro tunc order does not reflect the correction of a clerical error but rather is a substantive change in judgment. "[N]unc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288. However, because the determination of child support is being remanded, the fifth assignment of error is rendered moot. See App.R. 12(A)(1)(c).

{¶ 30} Sixth, appellant argues that the trial court erred in allowing a deduction from gross income for business expenses without sufficient verification. This court has previously indicated that former R.C. 3113.215(B)(5)(a) requires verification of income with suitable documentation. *Greathouse v. Pozna* (Apr. 29, 1998), 9th Dist. No. 18576, 1998 WL 208838. However, the record indicates that appellee testified at some length regarding his income. In the course of doing so, appellee referred to income tax returns and numerous other financial documents.

{¶ 31} In her appellate brief, appellant has failed to cite any specific portion of the record where she objected to the failure to provide particular documentation, nor has she referred to specific documents which she believes are lacking. See App.R. 16(A)(3), App.R. 16(A)(7), and App.R. 16(D). An appellate court may decline to address any alleged error where the appellant has failed to comply with

App.R. 16. *Arn v. Arn,* 9th Dist. No. 21078, 2003-Ohio-3794, 2003 WL 21658535, at ¶ 15. "It is not the duty of this court to search the record for evidence to support an appellant's argument as to alleged error." *Gest v. Gest* (Apr. 19, 1998), 9th Dist. No. 96CA006580, 1998 WL 208872, citing *Slyder v. Slyder* (Dec. 29, 1993), 9th Dist. No. 16224, 1993 WL 548760. Accordingly, the sixth assignment of error is overruled.

### Seventh Assignment of Error

"The trial court abused its discretion by denying appellant any attorney fees for both her appeal of the trial court's original divorce decree and her motion to modify child support based solely upon the alleged delaying tactics of her counsel."

{¶ 32} Through the seventh assignment of error, appellant contends that the trial court erred in denying her attorney fees for the appeal of the original divorce decree and for her motion to modify child support. An award of attorney fees is within the sound discretion of the trial court. See *Bowen v. Bowen* (1999), 132 Ohio App.3d 616, 642, 725 N.E.2d 1165. See, also, *Swanson v. Swanson* (1976), 48 Ohio App.2d 85, 90, 2 O.O.3d 65, 355 N.E.2d 894.

{¶ 33} In regard to attorney fees for the appeal of the original divorce decree, appellant objected to the magistrate's decision on this point only to the extent that she claimed that the magistrate failed to rule on her motion for appellate fees. The trial judge denied the objection, finding that the magistrate denied all attorney fees and further finding that a motion is presumed denied in the absence of a ruling. Because appellant did not raise any further objection to the decision of the magistrate, this argument may not be raised on appeal. Civ.R. 53(E)(3)(b).

{¶ 34} We next consider the question of attorney fees for appellant's motion to modify child support. Appellant objected to the magistrate's failure to award attorney fees incurred in bringing the motion to modify child support. Specifically, appellant argued that the magistrate denied her attorney fees because of her counsel's delaying tactics. The trial judge, however, declined to award attorney fees to appellant's counsel "on the basis of inequity." Noting the existence of 364 docket filings in the case, the trial judge observed that the same issues had been litigated for over eight years and had "outlived the youth of the children in this case." The trial judge further found that it was appellant's use of extraordinary writs, disqualification motions, and appeals that contributed to these issues dragging on.

{¶ 35} In her appellate brief, appellant concedes that a party cannot be awarded attorney fees resulting from the same party's delaying tactics. Appellant nevertheless contends that it was an abuse of discretion not to award her any attorney fees in regard to her motion to modify child support. Appellant points

specifically to the need to obtain an order from the magistrate to obtain discovery regarding appellee's income. She suggests that this is an example of delay caused by the court, as opposed to delay caused by appellant.

{¶ 36} Generally, the party retaining the attorney bears the burden of paying the attorney. *Bowen,* 132 Ohio App.3d at 642, 725 N.E.2d 1165. However, R.C. 3105.18(H) provides that in any divorce proceeding, a court may require one party to pay the other's reasonable attorney fees if the paying party has the means with which to do so. In making this determination, the statute requires the court to consider "whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." Id.

{¶ 37} The question of this appellant's attorney fees from earlier proceedings in this matter was considered by this court in a previous appeal to this court. *Berthelot,* supra. In that appeal, this court found that while appellee had the ability to pay, appellant received substantial assets in the property division and had failed to demonstrate an inability to fully litigate her rights or adequately protect her interests. Id.

{¶ 38} Appellant's total argument in the present appeal—that she was required to obtain an order from the magistrate to obtain discovery—does not suggest that this court's earlier conclusion is any less applicable in the present situation. This court has no duty to make arguments for the parties before it. Finding no abuse of discretion in the failure to make this award, we overrule the seventh assignment of error.

### Eighth Assignment of Error

"The trial court abused its discretion in denying appellant's request and motion for an evidentiary hearing as to the redetermination of spousal support due to the substantial increase in appellee's income since the date of the original divorce decree."

{¶ 39} The original divorce decree awarded spousal support to appellant in the amount of $6,000 per month for 47 months. Appellant appealed this order, and this court remanded the award of spousal support for consideration of the factors in R.C. 3105.18 and *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83. *Berthelot,* supra.

{¶ 40} Upon remand, appellant requested additional discovery and an evidentiary hearing on the issue of spousal support. The trial court denied these motions. In reconsidering the question of spousal support, the trial court considered the relevant factors and reported that it had reviewed the original trial transcript, the relevant exhibits, pleadings, post-trial briefs, and the factors contained in R.C. 3105.18 and *Kunkle,* supra. Thereupon, the trial court ordered

appellee to pay $6,000 per month in spousal support for 60 months, rather than the previously ordered 47 months.

{¶ 41} Appellant now contends that the trial court erred in not conducting an evidentiary hearing prior to its redetermination of spousal support. She asserts error in this regard because appellee's income was significantly higher at the time of remand than at the time of the original determination. However, this court's remand on the issue of spousal support was directed towards a reconsideration of the original award of spousal support in light of statutory and case law factors. There was no necessity to introduce evidence of subsequent changes in appellee's income to make that determination. The eighth assignment of error is overruled.

### Ninth Assignment of Error

"The trial court abused its discretion in overruling appellant's motion for a new trial regarding the redetermination of spousal support when such motion was based upon the substantial change of appellee's economic circumstances between the dates of the original divorce trial and the January 6, 2000 judgment order redetermining the spousal support award."

{¶ 42} In this assignment of error, appellant argues that the extensive delay between the date of the original divorce trial, in January and April 1996, and the redetermination of spousal support on January 6, 2000, warrants a new trial on the question of spousal support. As stated above, the redetermination was a reconsideration of the original award of spousal support. The original divorce decree, including the order regarding spousal support, was rendered on October 7, 1996. Therefore, it appears that there was a period of only six months between the hearing of the divorce and the trial court's order. Accordingly, the ninth assignment of error is without merit.

### Tenth Assignment of Error

"The trial court erred in considering [appellant's] earning potential in its redetermination of spousal support when such earning potential was not an issue or even raised in the original trial court proceedings and in the appeal therefrom."

### Eleventh Assignment of Error

"The trial court denied appellant due process of law by not providing the parties with prior notice that it was considering her earning [potential] in its redetermination of spousal support when such issue was never raised in any prior court proceeding."

{¶ 43} In these two assignments of error, appellant argues that the trial court erred in considering her earning potential in its redetermination of spousal

support and also argues that she had no notice that the trial court would be considering her earning potential in this regard. She argues that her earning potential should not have been considered because it was not an issue in the original trial court proceedings or the appeal therefrom.

{¶ 44} In her first appeal to this court, appellant challenged the spousal award as constituting an abuse of discretion. *Berthelot*, supra. This court found merit in the argument and remanded the issue for consideration in light of the factors in R.C. 3105.18 and *Kunkle*, 51 Ohio St.3d 64, 554 N.E.2d 83. One of the statutory factors that this court thus directed the trial court to consider is the "relative earning abilities of the parties." R.C. 3105.18(C)(1)(b).

{¶ 45} Accordingly, appellant had notice that the issue would be considered, and there is no error in the fact that the trial court did consider it. The tenth and eleventh assignments of error are overruled.

### Twelfth Assignment of Error

"The trial court abused its discretion in granting appellant only $6,000 per month as spousal support when such amount could not permit her to become self-supporting at the standard of living enjoyed by the parties at the time of the divorce decree even if she obtained a college degree."

{¶ 46} Appellant contends that $6,000 per month in spousal support will not permit her to become self-supporting at the standard of living enjoyed by the parties at the time of divorce, and, therefore, that the trial court abused its discretion in making this award. We disagree.

{¶ 47} This court has previously held that need is not a basis for an award of spousal support. *Noll v. Noll* (June 7, 2000), 9th Dist. No. 98CA007042, 2000 WL 727541. The only relevant question is what is appropriate and reasonable under the circumstances. Once the 14 factors under R.C. 3105.18(C)(1) have been considered, the amount of spousal support remains within the sound discretion of the trial court. Id. In addition, equity has been said to require that a party receive at least sufficient spousal support to bring him or her to a "reasonable standard of living, comparable to the standard maintained during the marriage." *Addy v. Addy* (1994), 97 Ohio App.3d 204, 208, 646 N.E.2d 513, citing *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 113, 546 N.E.2d 950.

{¶ 48} This court has found a spousal-support award to be arbitrary "based on the lack of support in the record for the award made by the trial court[.]" *DiLacqua v. DiLacqua* (1993), 88 Ohio App.3d 48, 60, 623 N.E.2d 118. In *DiLacqua*, the wife was working on an advanced degree, and the court's spousal support award appeared to be based on her ability to secure a higher income once the degree was attained. However, in reversing, this court cited a lack of

evidence that the wife could achieve work in that field or what income she would earn doing such work.

{¶ 49} Similarly, in *McEaneney v. McEaneney* (Feb. 2, 2000), 9th Dist. No. 19555, 2000 WL 141060, because the trial court failed to substantiate that the wife could achieve the level of income imputed to her or that she would be self-supporting within twelve months, the spousal support award was found to be arbitrary.

{¶ 50} In the case at bar, it is true that the trial court cited no evidence that appellant could achieve work in a certain field or how much she might earn doing such work. However, the distinguishing factor in the case at bar is that appellant has made *no effort whatsoever* to improve her education or skills, nor has she shown any inclination towards obtaining *any* sort of employment. Furthermore, there appears to be no reason she could not make efforts to improve her skills or obtain employment. Appellant was 38 years old at the time of the parties' marital separation and had worked early in her marriage. She is reported to be in good health. Under these circumstances, we cannot find that the trial court abused its discretion in awarding appellant $72,000 in annual spousal support for six years. The twelfth assignment of error is without merit.

### Thirteenth Assignment of Error

"The trial court erred in redetermining the spousal support award without determining a specific amount for the appellant's reasonable monthly expenses."

{¶ 51} In this assignment of error, appellant notes that the trial court found some of her monthly expenses to be excessive but contends that the trial court erred in failing to determine what reasonable expenses might be.

{¶ 52} The trial court observed, for example, that monthly expenses of nearly $2,000 for food, $580 for maid expenses, $140 for clothing, $585 for vacations, and $1,100 for gifts are excessive. We do not find reversible error in the trial court's failure to speculate what reasonable expenses for appellant would be. The thirteenth assignment of error is overruled.

### Fourteenth Assignment of Error

"The trial court abused its discretion in failing to reserve jurisdiction to modify the redetermined spousal support award as required by Ohio Revised Code Section 3105.18(E) due to the fluctuating annual gross income of appellee."

{¶ 53} Appellant contends that the trial court abused its discretion in failing to reserve jurisdiction to modify the redetermined spousal support award due to the fluctuating annual gross income of appellee. Appellee contends, in

response, that an award of spousal support for 60 months is not so long a duration as to anticipate unforeseen changes of circumstances and also contends that the absence of such reservation of jurisdiction could operate to protect appellant against any decreases in appellee's income.

{¶ 54} R.C. 3105.18(E)(1) provides for modification of the amount or terms of spousal support if the court determines that the circumstances of either party have changed and if the divorce decree contains a provision "specifically authorizing" such modification. The decision of whether to include such a provision has been said to be a matter within the domestic relations court's discretion. See *Johnson v. Johnson* (1993), 88 Ohio App.3d 329, 331, 623 N.E.2d 1294.

{¶ 55} Where a trial court orders spousal support for definite periods of relatively long duration without a reservation of authority to modify the amount of support due to a change of circumstances, the trial court may be found to have abused its discretion. *Smith v. Smith* (Jan. 12, 2001), 6th Dist. No. H–99–029, 2001 WL 27542, citing *Henninger v. Henninger* (May 4, 1993), 2d Dist. No. 1303, 1993 WL 143765 (spousal support for three years), and *Canales v. Canales* (Mar. 17, 1989), 2d Dist. No. 88CA52, 1989 WL 24187 (spousal support for four years).

{¶ 56} In addition, the record indicates that appellee's income fluctuated greatly during the last years of the parties' marriage: 1989—$144,245; 1990—$263,608; 1991—$52,383; 1992—$615,893; 1993—$1,063,865; 1994—$592,9410 As indicated above, appellee's income continued to fluctuate significantly following the divorce: $1,107,124.87 and $571,240 in annual gross income, according to child-support worksheets for the period from June 1998 through August 2001.

{¶ 57} In the present case, the spousal support award, as redetermined, was for five years. The duration of the marriage was 20 years. Appellant had not been employed since very early in her marriage and had only a high school education. Appellee had earned a CPA and an MBA degree and was employed as the CEO of a corporation.

{¶ 58} Based upon this record, we find that the trial court was unreasonable and abused its discretion in failing to include authorization to modify spousal support. The fourteenth assignment of error is well taken.

### Fifteenth Assignment of Error

"The trial court abused its [discretion] in not ordering appellant an indefinite award of spousal support even though the parties were married for a long duration, and appellant will never be able to sustain herself at a standard of living the parties enjoyed at the time of their divorce."

{¶ 59} Appellant argues that the trial court should have ordered an indefinite award of spousal support. However, at the trial below, appellant requested

spousal support for a period of ten years. Therefore, she cannot now be heard to complain that she received a definite award of spousal support in this appeal. The fifteenth assignment of error is overruled.

{¶ 60} Accordingly, appellant's first, second, third, fourth, and fourteenth assignments of error are sustained. The fifth assignment of error is moot. The remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part
> and cause remanded.

BAIRD, P.J., and WHITMORE, J., concur.