OPINION *Page 2 
{¶ 1} Defendant-appellant Michael B. Handy appeals the October 25, 2006 Judgment Entry and the November 1, 2006 Nunc Pro Tunc Judgment Entry of the Tuscarawas County Court of Common Pleas overruling his objections to a magistrate's decision granting a divorce in favor of Plaintiff-appellee Debbie S. Handy.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married on June 13, 1981, and share three children, two of which are emancipated. The third child was born on September 28, 1989.
 {¶ 3} During the pendency of the marriage, the parties resided in a home owned by Appellant's mother. Since 1993, Appellant has resided in an apartment located over the garage of the residence, while Appellee has lived in the home.
 {¶ 4} Appellant works for Handy Equipment Services, a business owned by his mother as a heavy equipment operator. While Appellant's mother owns the business, Appellant handles the day-to-day operations of the business, performing most of the work. During the marriage, Appellee was primarily a homemaker and primary caregiver to the parties' children.
 {¶ 5} On January 20, 2004, Appellee filed a complaint for divorce. The parties entered into an Agreed Magistrate's Order/Judgment Entry on September 30, 2004, agreeing to share parenting of their minor son, and for Appellee to be named residential parent. The parties further agreed on the issues of child support, visitation, and medical insurance.
 {¶ 6} The matter proceeded to trial before a magistrate on the remaining issues. The magistrate recommended Appellee be named the residential parent of the parties' *Page 3 
minor son. The magistrate also made a specific finding Appellant had engaged in financial misconduct. The magistrate ordered Appellant pay Appellee a distributive award of $11,650.00 within 18 months of the Judgment Entry, attributing the same to a "property settlement.". The magistrate further ordered Appellant pay Appellee spousal support in the amount of $750.00 per month, without reserving jurisdiction to modify the award.
 {¶ 7} Appellant filed objections to the magistrate's decision. The trial court overruled Appellant's objections via Judgment Entry of October 25, 2006. On November 1, 2006, the trial court issued a nunc pro tunc Judgment Entry correcting the type of child support to be paid.
 {¶ 8} Appellant now appeals, assigning as error:
 {¶ 9} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO GRANT APPELLANT'S REQUEST FOR AN IN CAMERA INTERVIEW OF THE PARTIES' CHILD; THEREFORE, IT ERRED IN ALLOCATING PARENTAL RIGHTS AND RESPONSIBILITIES.
 {¶ 10} "II. THE TRIAL COURT FAILED TO EQUALLY DIVIDE THE PARTIES' MARITAL ASSETS BY FAILING TO ASCRIBE A VALUE TO MOST, IF NOT ALL, OF THE PROPERTY.
 {¶ 11} "III. THE TRIAL COURT ERRED IN MAKING A DISTRIBUTIVE AWARD BECAUSE THERE WAS NO INDICATION IT WAS NECESSARY TO ENSURE AN EQUAL DIVISION OF MARITAL PROPERTY. *Page 4 
 {¶ 12} "IV. THE TRIAL COURT ERRED IN FAILING TO RESERVE JURISDICTION TO MODIFY ITS 8-YEAR SPOUSAL SUPPORT AWARD IN THE EVENT OF CHANGED CIRCUMSTANCES."
 I {¶ 13} In the first assignment of error, Appellant argues the trial court erred in failing to interview the parties' minor son in camera prior to allocating parental rights and responsibilities.
 {¶ 14} Specifically, Appellant cites R.C. Section 3109.04(B)(1), which states:
 {¶ 15} "(B)(1) When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation."
 {¶ 16} Appellant cites his October 13, 2004 motion to the trial court to interview the parties' son in camera. Appellant asserts the statute requires the trial court to interview a child if requested by one of the parties.
 {¶ 17} As set forth in the statement of the case above, the parties had reached an agreement with regard to custody of their minor son, which was incorporated in their September 30, 2004 Agreed Entry. Appellant did not seek to withdraw the Agreed *Page 5 
Judgment Entry or to set the same aside. Neither did Appellant assert a change of circumstances as the basis for his motion for the trial court to conduct an in camera review. Rather, Appellant himself testified such a change had not occurred. Accordingly, the trial court did not err in not interviewing the child in camera under the circumstances presented in this case, despite Appellant's request. The issue had already been determined and the trial court did not have before it evidence of a change of circumstances.
 {¶ 18} The first assignment of error is overruled.
 II, III {¶ 19} Appellant's second and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 20} Appellant maintains the trial court erred in failing to divide the parties' marital assets equally and in not ascribing a value to the parties' major assets.
 {¶ 21} The division of marital assets is left to the sound discretion of the trial court. Cherry v. Cherry (1981), 66 Ohio St.2d 348. Absent an abuse of discretion we will not substitute our judgment on appeal. To find an abuse of discretion, the record must demonstrate more than an error of judgment, the judgment of the trial court must be unreasonable, arbitrary or unconscionable. Booth v. Booth (1989), 44 Ohio St.3d 142.
 {¶ 22} In determining the division of marital assets, the trial court must consider the factors listed in R.C. 3105.171. Focke v. Focke
(1992), 83 Ohio App.3d 552. Failure to consider the mandatory statutory factors is an abuse of discretion. Bisker v. Bisker (1994),69 Ohio St.3d 608. *Page 6 
 {¶ 23} The trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine the award is fair, equitable and in accordance with the law. Kaechele v.Kaechele (1988), 35 Ohio St.3d 93.
 {¶ 24} Appellant argues the trial court was required to assign a value to each of the parties' major assets, and failed to do so. Appellant further asserts the trial court erred in ordering Appellant to pay Appellee a distributive award for a property settlement, as the trial court failed to make a finding such an award was necessary to make the division of marital property equal.
 {¶ 25} When dividing property or granting a distributive award under R.C. 3105.171, the trial court must make written findings of fact supporting its conclusion the marital property has been divided equally. R.C. 3105.171(G); Huener v. /-/wener (1995), 110 Ohio App.3d 322.
 {¶ 26} As set forth in the statement of the facts and case above, the trial court ordered Appellant to pay a distributive award of $11,650.00 to Appellee within 18 months of the divorce, indicating the distributive award was a "property settlement." However, a review of the trial court's entries and the September, 2004 Agreed Entry does not demonstrate the court assigned a value to all of the parties' major assets; nor did the court make findings to otherwise demonstrate the property distribution was equitable.
 {¶ 27} Upon review of the trial court's judgment entry, the court does not make a finding the marital property was divided equally or equitably. A review of the magistrate's order and the trial court's judgment entry overruling the same does not list the values of all of the assets. While the parties' Agreed Judgment Entry and the trial *Page 7 
court's subsequent entries affirming the same place a value on some of the assets, we are unable to determine whether the trial court's award is equal or equitable and in accordance with the law.
 {¶ 28} Accordingly, we sustain Appellant's second and third assignments of error, and reverse and remand the case to the trial court to redetermine the division of the parties' marital property. Although we find the trial court properly determined Appellant engaged in financial misconduct, on remand we instruct the trial court to also state its reasons for making the distributive award in the amount of $11,650.00, should the trial court find such an award appropriate on reconsideration, and to assign values to the marital property subject to division.
 IV. {¶ 29} In the final assignment of error, Appellant argues the trial court erred in failing to reserve jurisdiction to modify the spousal support payment in favor of Appellee. As set forth above, the trial court ordered Appellant to pay $750.00 per month for a term of eight years.
 {¶ 30} R.C. Section 3105.18(E) states:
 {¶ 31} "(E) If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the *Page 8 
alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 {¶ 32} "(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
 {¶ 33} Accordingly, a trial court only has authority to modify or terminate a spousal support award, if the divorce decree contains an express reservation of jurisdiction. Here the trial court did not make such a reservation.
 {¶ 34} Although the decision as to whether to reserve jurisdiction is normally left to the sound discretion of the trial court, the court may be found to have abused its discretion where the order is for a definite period of relatively long duration. Berthelot v. Berthelot2003-Ohio-4519.
 {¶ 35} Generally this Court encourages trial court's to retain jurisdiction to modify a spousal support award, particularly in a case such as this where the award is for a lengthy duration. However, in the case sub judice, the evidence supports the award and we do not find the trial court abused its discretion in not reserving jurisdiction under the facts of this case. Appellant maintains de facto control over his mother's business, and has the ability to determine his income therefrom. Appellant also retains control over receipt of other "in kind" benefits of running the business.
 {¶ 36} Accordingly, the fourth assignment of error is overruled.
 {¶ 37} For the reasons set forth above, the October 25, 2006 and November 1, 2006 Judgment Entries of the Tuscarawas County Court of Common Pleas are *Page 9 
affirmed, in part; reversed, in part, and remanded for further proceedings in accordance with the law and this opinion.
 Hoffman, P.J., Wise, J., and Edwards, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the October 25, 2006 and November 1, 2006 Judgment Entries of the Tuscarawas County Court of Common Pleas are affirmed, in part; reversed, in part, and remanded for further proceedings in accordance with the law and our opinion. Costs to be divided equally. *Page 1