[Cite as *Hurd v. Weatherbee*, 2017-Ohio-1418.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO


PHILLIP J. HURD, JR.,                :        **O P I N I O N**

          Plaintiff-Appellant/        :
          Cross-Appellee,            **CASE NOS.  2016-P-0037**
   - vs -                      :        **and 2016-P-0039**

CALLIE WEATHERBEE,                   :

          Defendant-Appellee/        :
          Cross-Appellant.

                              :


Civil Appeals from the Portage County Court of Common Pleas, Juvenile Division, Case No. 2015 JCG 00892.

Judgment: Affirmed in part, reversed in part, and remanded.


*Pamala S. Harris,* 250 South Prospect Street, Ravenna, OH 44266 (For Plaintiff-Appellant/Cross-Appellee).

*Mary Anne Ravis,* Giulitto Law Office, LLC, 222 West Main Street, Ravenna, OH 44266 (For Defendant-Appellee/Cross-Appellant).


DIANE V. GRENDELL, J.

{¶1}    Plaintiff-appellant/cross-appellee, Phillip J. Hurd, Jr., appeals the judgment of the Portage County Court of Common Pleas, Juvenile Division, awarding defendant-appellee/cross-appellant, Callie Weatherbee, custody of their minor child.  Weatherbee has filed a cross-appeal challenging the court's decision to deviate the amount of child support awarded.  The issues before this court are whether a court making an original determination of custody errs by finding there has been no change of circumstances but

nevertheless bases its decision on the child's best interests; whether a court errs in basing its custody determination on the importance of maintaining stability and continuity in the child's relationship with the parents; whether a court commits reversible error by deviating from the amount of child support as determined by the guidelines without first determining that such an amount would be unjust and inappropriate; and whether a court's estimation of the amount of time a father spends with the minor child is supported by evidence in the record that it exceeds the amount of time granted in the standard visitation order. For the following reasons, the judgment of the lower court is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

{¶2} On October 23, 2015, Hurd filed a Motion for Allocation of Parental Rights and Responsibilities, Shared Parenting or Companionship Time, Modification of Child Support, and Allocation of Dependency Exemption, in the Portage County Juvenile Court. The Motion asserted that Hurd "is the natural father of the parties' minor child, COHEN HURD, DOB: 09/31/2011 as established by CSEA Case Number 7099234986," and that Weatherbee "is the natural mother of the parties' minor child."

{¶3} On January 25, 2016, Hurd filed an Amended Motion for Allocation of Parental Rights and Responsibilities, Shared Parenting or Companionship Time, Modification of Child Support, and Allocation of Dependency Exemption.

{¶4} On February 29, 2016, trial was held on Hurd's Motion.

{¶5} Hurd testified that he lives in Mantua, Ohio, with his fiancée of two years, Allie, and two friends, Mark Tyrrell and Chris Gaultieri. Cohen has his own room. In 2014, Tyrrell was arrested for possession of marijuana.

2

{¶6} Hurd has worked at Parts Source for six years and has a stipulated income of $82,115 per year.

{¶7} Hurd regularly has custody of Cohen on Mondays, Wednesdays, Fridays, and Saturdays. He works with Cohen on schoolwork because "he's progressing a little slower than some of the other kids in his class." At his home, Cohen has a Wii, a trampoline, and a four-wheeler. Allie helps putting Cohen to bed.

{¶8} Hurd resided with Weatherbee from Cohen's birth until the spring of 2013. Hurd has a good relationship with Weatherbee with respect to Cohen and has no concerns about her parenting. Hurd believes that his "judgment is a little bit better" and that Weatherbee excludes his input "out of spite." Hurd claims Weatherbee does not provide him medical information about Cohen.

{¶9} Hurd also believes that Cohen should spend additional time with him or Allie rather than other relatives when Weatherbee is not available. Hurd acknowledged that Allie helps parent Cohen, including disciplining him.

{¶10} Weatherbee testified that she lives in Mantua, Ohio, with her parents, two brothers, her sister, her sister's fiancé and their child. She and Cohen share a room and Cohen has his own bed.

{¶11} Weatherbee is presently studying nursing at Kent State in Twinsburg with a projected graduation date in May 2017, and has been working part-time at Anna Maria of Aurora for about five years. Weatherbee's stipulated income is $12,000 per year.

{¶12} Weatherbee takes Cohen to daycare on Mondays, Wednesdays, and Fridays. When she is unavailable to watch Cohen, members of her family do so. She is on amicable terms with Hurd. Cohen has febrile seizures and asthma. Weatherbee

3

claims she advises Hurd of all Cohen's medical appointments. She does not believe that Cohen is bathed regularly in Hurd's custody. She admitted that her parents smoke, but only in their room.

{¶13} On June 23, 2016, the juvenile court issued a Journal Entry, overruling Hurd's "motion to be declared sole residential parent" and ordering that Weatherbee "remain the sole residential parent with parenting time * * * for the father." The court stated:

> Applying the evidence and circumstances of the parties to the Court[']s exercise of jurisdiction under ORC 2151.23 and in consideration of the factors to be weighed in ORC 3109.04, the Court finds no change of circumstances has occurred and it is in the best interest of Cohen that the parties' schedule of parenting time * * * shall continue.

{¶14} The juvenile court also ordered that "[t]he child support shall be modified by 26% reflecting Father's additional time he has with Cohen on a weekly basis." The court noted that Hurd "is spending approximately 67 hours with Cohen or 40% of the total hours in a week," while under the standard parenting time schedule, "a non-residential parent spends * * * an average of 24 hours or approximately 14% of the total hours in a week with the child."

{¶15} On July 22, 2016, Hurd filed a Notice of Appeal, assigned Case No. 2016-P-0037.

{¶16} On July 25, 2016, Weatherbee filed a Cross-Appeal, assigned Case No. 2016-P-0039.

{¶17} On August 15, 2016, this court ordered the appeals consolidated for all purposes.

{¶18} On appeal, Hurd raises the following assignments of error:

4

**{¶19}** "[1.] The trial court erred by considering the case as a reallocation of parental rights and responsibilities under R.C. 3109.04 and then applying the change of circumstance standard."

**{¶20}** "[2.] The trial court's judgment entry of June 23, 2016, failed to properly analyze the best interest standard promulgated by O.R.C. 3109.04(F)(1) used to determine the child's best interests in allocating parental rights and responsibilities and as such was against the manifest weight and sufficiency of the evidence."

**{¶21}** On cross-appeal, Weatherbee raises the following assignment of error:

**{¶22}** "[1.] The trial court failed to properly analyze and calculate a deviation from the standard child support guidelines under R.C. 3119.22 and R.C. 3119.23 and the deviated amount is against the weight of the evidence."

**{¶23}** Under the first assignment of error, Hurd contends the juvenile court erred as a matter of law by determining that no change of circumstances existed when such a determination was unnecessary for the resolution of his Motion for Allocation of Parental Rights and Responsibilities.

**{¶24}** "An unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian. A court designating the residential parent and legal custodian of a child described in this section shall treat the mother and father as standing upon an equality when making the designation." R.C. 3109.042.

**{¶25}** "When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding * * *, the court shall

5

take into account that which would be in the best interest of the children." R.C. 3109.04(B)(1); *In re Byrd*, 66 Ohio St.2d 334, 421 N.E.2d 1284 (1981), paragraph two of the syllabus (in cases involving illegitimate children, "the court shall determine which parent shall have the legal custody of the child, taking into account what would be in the best interests of the child").

{¶26} Thus, in original proceedings where there has been no prior custody determination, it is improper for the trial court to condition its allocation of custody based on a change of circumstances. "[T]he trial court shall not use the formula set forth in R.C. 3109.04(E)(1)(a) ['[t]he court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds * * * that a change has occurred in the circumstances of the child']," rather, "the court must determine custody based on the best interests of the child pursuant to R.C. 3109.04(B)(1)." *In re Knight*, 11th Dist. Trumbull No. 2002-T-0158, 2003-Ohio-7222, ¶ 16.

{¶27} Although the juvenile court in the present case improperly found that "no change in circumstances has occurred," such error was harmless. Civ.R. 61 ("[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties"). The court noted twice in its June 23, 2016 Journal Entry that the decision being rendered was in accord with the best interests of the child. Similarly, when the court addressed the parties at the close of trial, it explained: "What I'm looking for when I look at the best interest is what lends to the stability of the relationship that the child is used to and what the child has been doing and what makes sense so you're doing a good job in trying to cooperate with each other and that's good." The court did not mention a change of circumstances

6

at all, but emphasized that it recognized stability as being in the best interest of the child.

{¶28} The situation would be different if the juvenile court had not considered the best interests of the child after finding "no change of circumstances." *See, e.g., In re J.K.*, 7th Dist. Carroll No. 14 CA 899, 2014-Ohio-5502, ¶ 30 (where "[t]he trial court did not mention the best interests of the child" but found "'no evidence to support a change of custody away from the mother,' * * * the language of the decree demonstrates that the court did not place the parties on equal footing"). By explicitly considering those interests, however, the court demonstrated that it was not conditioning its ruling on the finding of a change of circumstances or otherwise indulging a presumption of the mother retaining custody.

{¶29} The first assignment of error is without merit.

{¶30} In his second assignment of error, Hurd argues the juvenile court "erred in analyzing the best interest standard with the evidence in this case." Appellant's brief at 8. According to Hurd, it was reasonably established to be in Cohen's best interest that he be awarded custody where he "has been the primary caregiver of the minor child, has a stable home for the minor child, provides a bedroom and bed for the minor child, does school work with him, spends four evenings a week putting the minor child to bed, spends four mornings getting the child prepared for his day, and [the mother] spends less time with the minor child, lives in a home with eight other people, shares a bedroom with the minor child, lives with smokers, and fails to provide [the father] with her school schedule and allows [the father] no input or information on the minor child's health care." Appellant's brief at 9.

{¶31} "An initial custody determination * * * is reviewed under the abuse of discretion standard generally applicable to custody determinations." *In re Fair*, 11th Dist. Lake No. 2007-L-166, 2009-Ohio-683, ¶ 42. "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). "In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct." *Id.*

{¶32} Hurd's arguments fail to demonstrate that the juvenile court abused its discretion in awarding Weatherbee custody of Cohen. The record before this court reflects that both Hurd and Weatherbee are competent and suitable to serve as Cohen's residential parent. Arguably, the court would be justified in awarding custody to either parent. Here, the court was moved by considerations of stability and continuity in its award of custody. In such a situation, we are bound to respect the lower court's discretion, recognizing that "the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997); *Fair* at ¶ 45 (where the evidence supported an award of custody to either parent, there was "absolutely nothing arbitrary or unconscionable about the court's decision to award custody to [the father]").

{¶33} The second assignment of error is without merit.

8

{¶34} In her sole assignment of error on cross-appeal, Weatherbee contends the juvenile court erred in making an award of child support which deviated from the amount owed as determined by the basic child support guidelines.

> The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child.
>
> If it deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination.

R.C. 3119.22.

{¶35} Under R.C. 3119.23(D), "[e]xtended parenting time" is a factor that may be considered "in determining whether to grant a deviation pursuant to section 3119.22 of the Revised Code."

{¶36} "[A] trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997); *Sanders v. Sanders*, 11th Dist. Ashtabula No. 2011-A-0026, 2012-Ohio-398, ¶ 36 (a court's decision to deviate from the child support guidelines is reviewed for abuse of discretion).

{¶37} Weatherbee first argues that Hurd failed "to present any evidence or testimony that supported a request for a finding that a deviation in his favor was

9

warranted" and that the juvenile court made "no finding specifying that the child support calculation referenced and attached to his entry was unjust or inappropriate." Cross-appellant's brief at 9.

{¶38} We reject the first part of Weatherbee's contention regarding Hurd's failure to present evidence or even request a deviation. Weatherbee cites no rule, nor are we aware of any, that requires a party to request a deviation before a court may grant a deviation. Moreover, the juvenile court relied on the parties' testimony regarding Cohen's visitation schedule in determining to deviate from the worksheet.

{¶39} With respect to the juvenile court's failure to specify that the amount of support as calculated in accordance with the support guidelines was "unjust or inappropriate," as well as not being in the best of the child, this court has recognized this as a "technical error" which requires correction in light of the mandatory nature of the R.C. 3119.22 requirements. *Graham v. Graham*, 11th Dist. Geauga No. 2002-G-2410, 2003-Ohio-1098, ¶ 9; *Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992), paragraph two of the syllabus ("[t]he terms of R.C. 3113.215 [now R.C. 3119.22] are mandatory in nature and must be followed literally and technically in all material respects"); *accord Berthelot v. Berthelot*, 154 Ohio App.3d 101, 2003-Ohio-4519, 796 N.E.2d 541, ¶ 25-26 (9th Dist.); *Hirzel v. Ooten*, 4th Dist. Meigs Nos. 06CA10 and 07CA13, 2008-Ohio-7006, ¶ 38.

{¶40} Lastly, under this assignment of error, Weatherbee argues that the juvenile court's math was "flawed" when determining the amount of the deviation. The court's determination that Hurd spends "approximately 67 hours with Cohen" per week does not comport with the evidence that Hurd "has two weeknight overnights, which

10

total approximately 20-23 hours per week" and alternating weekends. Cross-appellant's brief at 10.

{¶41} The juvenile court's approximation is supported by Hurd's testimony that he has custody of Cohen for *three*, rather than two, weekday overnights. The court found that Cohen is "with him on Mondays at 5:15 p.m., Wednesdays at 5:15 p.m., Fridays at 5:15 p.m., [and] Saturdays at 5:15 p.m. until Sundays 3:00 p.m."[1] The court held that it was in Cohen's best interest to maintain the same "parenting time that they have established during the weekdays." We find no abuse of discretion with respect to the court's determination of the amount of deviation.

{¶42} The sole assignment of error on cross-appeal has merit to the extent indicated above.

{¶43} For the foregoing reasons, the judgment of the Portage County Juvenile Court is reversed with respect to the modification of child support and remanded with instructions for the court to enter a new judgment that complies with the mandatory requirements of R.C. 3119.22. In all other respects, the judgment of the lower court is affirmed. Costs to be taxed against appellant/cross-appellee.

TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.

---

1. While the math behind the juvenile court's approximation of the time Hurd spends with Cohen is not precise, the court essentially credited Hurd with 15 hours for each day of weekday visitation and 22 hours for one day of weekend visitation. This is a fair approximation based on the evidence in the record.

11