OPINION
{¶ 1} Jason Allen appeals from a judgment of the Greene County Court of Common Pleas, which modified his child support obligation.
 {¶ 2} Jason and Shannon Allen were divorced in February 2000 after less than two years of marriage. They have a son, Dominik, who was born of the marriage. At the time of the divorce, Mr. Allen was ordered to pay $550 per month in child support.
 {¶ 3} In May 2001, Mr. Allen filed a Petition to Modify Child Support Request for Tax Exemption on the basis that his income had been reduced significantly since the time of the divorce. The matter was referred to a magistrate. The magistrate entered a temporary support order in the amount of $298 per month.
 {¶ 4} In February 2003, the parties filed an agreed entry stipulating to the following pertinent facts:
 {¶ 5} "1) Jason Allen, since October 1, 2001, earns a base salary of $26,000 until 12/31/01. From 1/1/02, the base salary is $29,600.
 {¶ 6} "2) For the year 2002, Jason Allen earned commissions totalling [sic] $27,000.
 {¶ 7} "3) Jason Allen's self-employment average for the last three years equals $4,560 in income.
 {¶ 8} "4) The parties agree that Jason Allen had no commission income in the years 2000 and 2001 to be considered in calculating child support."
 {¶ 9} In July 2003, the magistrate made the following findings with respect to child support based on the agreed entry. The magistrate found that the $298 per month payment required by the temporary order was proper for the period from the filing of the motion to modify in May 2001 until the end of 2001. For 2002, the magistrate found that Mr. Allen was obligated to pay $546.45 per month in child support. As of January 1, 2003, the magistrate ordered Mr. Allen to pay child support in the amount of $500.67 per month. The magistrate acknowledged that these amounts deviated from the formula set forth in R.C. 3119.05(D) but concluded that the deviation was permissible pursuant to R.C. 3119.23. Mr. Allen filed objections to the magistrate's decision, but the trial court overruled the objections and approved the magistrate's decision and order.
 {¶ 10} Mr. Allen raises two assignments of error on appeal.
 {¶ 11} "I. In considering commission income, the trial court abused its discretion by failing to follow the clear and unambiguous language of [R.C.] 3119.05."
 {¶ 12} Mr. Allen claims that the trial court erred in failing to treat his commission income in the manner provided by R.C. 3119.05.
 {¶ 13} R.C. 3119.05(D) provides:
 {¶ 14} "When the court or agency calculates the gross income of a parent, it shall include the lesser of the following as income from overtime and bonuses:
 {¶ 15} "(1) The yearly average of all overtime, commissions, and bonuses received during the three years immediately prior to the time when the person's child support obligation is being computed;
 {¶ 16} "(2) The total overtime, commissions, and bonuses received during the year immediately prior to the time when the person's child support obligation is being computed."
 {¶ 17} It was undisputed that Mr. Allen had earned $27,000 in commissions in 2002, but had not earned any commissions in 2001 or 2000. Thus, under the formula set forth at R.C. 3119.05(D), the trial court should have included in Mr. Allen's income only $9,000, his average commission for the preceding three years, when it recalculated child support in 2003. However, the magistrate concluded that it would be unjust and inequitable "not to use the actual income for Mr. Allen for the year 2002," and that such a calculation would not serve the best interests of the child. The court also projected commission income of $15,000 for subsequent years. Mr. Allen contends that the court abused its discretion in deviating from the statutory calculation.
 {¶ 18} R.C. 3119.05 does not require strict compliance with the formula set forth therein for the treatment of commissions, as Mr. Allen suggests. R.C. 3119.05(H) provides that, "[w]hen the court or agency calculates gross income, the court or agency, when appropriate, may average income over a reasonable period of years." Thus, the court had some leeway, and the trial court relied on R.C. 3119.05 in concluding that the magistrate had "the option of averaging or not." Moreover, R.C.3119.22 and 3119.23 address deviation from the amount of child support that would otherwise result from the use of the basic child support calculations. These sections also provide that the trial court may deviate from the basic child support schedule, which includes the calculations for commissions, if "the court determines that the amount calculated pursuant to the basic child support schedule * * * would be unjust or inappropriate and would not be in the best interest of the child." R.C. 3119.22. These were the precise reasons given by the magistrate in her decision.
 {¶ 19} In our view, the trial court could have reasonably concluded that the R.C. 3119.05(D) provision for the averaging of commissions over a three year period was inappropriate where no commissions had been earned in two of those years. In such a situation, the average clearly would not approximate the parent's income for the current year, which is, after all, the purpose of the formula. See Walker v. Walker (Oct. 1, 2002), Delaware App. No. 02CAF04019 (rejecting the argument that a three year average must be used where the current employer's benefit package includes incentive compensation and the previous employer's benefit package did not). Insisting on such a computation where the obligor parent is in a new, commission-earning position — and is doing quite well in that position — would result in the use of an income figure that does not accurately reflect the obligor's ability to pay. The resulting underpayment of child support is not in the child's best interest.
 {¶ 20} Moreover, we note that the trial court based its child support calculation on the full amount of commission earned only in 2002 — a year for which that figure had already been established. It did not use that figure prospectively, recognizing that Mr. Allen may not earn the same level of commissions each year. The trial court's use of $15,000 as a projection of future commission earnings was reasonable where Mr. Allen had earned $27,000 in commissions the previous year.
 {¶ 21} Mr. Allen relies on Dilacqua v. Dilacqua (Sept. 3, 1997), Summit App. No. 18244, in support of his position that R.C. 3119.05(D) must be strictly construed. We note that Dilacqua predated the enactment of R.C. 3119.22 and R.C. 3119.23, which expressly provide for deviations from the calculations on the child support schedule and worksheet.
 {¶ 22} The first assignment of error is overruled.
 {¶ 23} "II. The trial court erred by computing multiple support amounts as the result of a single filing by Mr. Allen."
 {¶ 24} Mr. Allen claims that the trial court erred "by making multiple support calculations * * * for three different periods" rather than making a single support calculation based on his income at the time the motion for modification was filed.
 {¶ 25} In our view, it was reasonable for the trial court to make different support awards for different times periods in this case. The motion was pending for more than two years, during which Mr. Allen's income changed significantly. His income had been significantly reduced at the time his motion was filed, but during the course of these proceedings his income rebounded to near its previous level. The practical effect of holding that the court's order could only reflect the parties' circumstances at the time the motion was filed would have been to require Mrs. Allen to file a separate motion for modification of support while this motion was pending to reflect Mr. Allen's increased income during the pendency of these proceedings. In our view, such a rule would not serve the goal of judicial economy or the best interest of the child.
 {¶ 26} Mr. Allen relies upon Berthelot v. Berthelot,154 Ohio App.3d 101, 107, 2003-Ohio-4519, 796 N.E.2d 541, which held that "[c]onsideration of years subsequent to the motion to modify constitutes a sua sponte modification of child support" not provided for by statute. Berthelot and the cases upon which it relies do not explain their conclusion that the former R.C. 3113.215 prevented consideration of the parties' circumstances during the pendency of the motion. See Bowenv. Bowen (1999), 132 Ohio App.3d 616, 639-40, 725 N.E.2d 1165;O'Neill v. O'Neill (May 20, 1999), Cuyahoga App. No. 73407; Justinger v.Schlegel (Sep. 26, 1994), Paulding App. No. 11-94-2. Perhaps the conclusion was based on the fact that the previous statutory scheme required a preliminary finding — based on a recalculation of child support — that there was a ten percent or greater deviation from the amount of child support required to be paid under the existing order. Demonstration of such a deviation would establish a change of circumstances warranting modification. See the former R.C. 3113.215(B)(4). In any event, R.C. 3113.215 has since been repealed. We do not believe that the current statute, R.C. Chapter 3119, which appears to have eliminated the ten percent deviation rule, requires calculation of the child support amount based strictly upon the facts as they existed at the time the motion was filed, especially where, as here, the motion has been pending for a significant period of time.
 {¶ 27} The second assignment of error is overruled.
 {¶ 28} The judgment of the trial court will be affirmed.
Brogan, P.J. and Grady, J., concur.