OPINION
{¶ 1} Plaintiff-appellant, William E. Cameron, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which that court granted the motion to modify parental rights and responsibilities filed by defendantappellee, Jennifer M. Cameron, and ordered appellant to pay child support to appellee on behalf of the parties' two minor children. For the following reasons, we reverse.
 {¶ 2} The parties were married on September 12, 1992, and two children were born as issue of the marriage, namely, William Lukas Cameron, born February 5, 1993, and Ethan Oliver Cameron, born May 18, 1995. Appellant instituted this action on August 24, 1999, and the parties' marriage was terminated by an Agreed Judgment Entry — Decree of Divorce journalized on March 15, 2001. Pursuant to the parties' agreement at the time of their divorce, they entered into a Shared Parenting Plan approved by the court, which provided that appellant would exercise parenting time with the children 57 percent of the time and appellee would exercise parenting time 43 percent of the time. Appellant was designated the residential parent for school purposes so long as he remains in the Worthington School District. The parties further agreed that no child support would be paid by either of them. The parties agreed that appellant would pay all work-related childcare costs for the children, and he would maintain health insurance coverage for the boys. The parties further agreed that appellant would pay 70 percent of all uninsured health care costs, and appellee would pay 30 percent of same.
 {¶ 3} On August 22, 2002, appellee filed a motion for reallocation of parental rights and responsibilities, seeking an order that appellant pay child support to her, and also for attorney fees and costs. She attached to her motion her own affidavit in which she averred that circumstances had changed since the filing of the divorce decree, "including but not limited to [a] change in the nature and extent of the child care requirements of the parties."
 {¶ 4} The motion came on for evidentiary hearing before a magistrate on January 8, 2003. On January 14, 2004, the magistrate rendered a decision recommending that appellee's motion be overruled and that the status quo be maintained with respect to the support-related aspects of the parties' shared parenting plan. The magistrate attached to his decision four separate child support worksheets, each posing a different combination of hypothetical situations respecting the allocation of work-related childcare expenses and the residential parent designation. In his decision, he made reference to each of these worksheets and discussed the implications that each had upon his analysis and conclusions with respect to child support. Finally, the magistrate also recommended that appellee's requests for attorney fees and costs be denied.
 {¶ 5} On February 3, 2004, appellee filed objections to the magistrate's decision. She argued that the magistrate erred in failing to recommend an order of child support to be paid by appellant, and that the magistrate erred in failing to award attorney fees. On April 22, 2004, the trial court conducted a hearing on the objections. On June 18, 2004, the court issued a judgment entry in which it sustained the first objection and ordered appellant to pay child support to appellee. The court overruled the second objection, finding that a fee award was unwarranted because appellee would not be prevented from fully litigating her case without such an award.
 {¶ 6} With respect to the issue of child support, the court found that it was in the best interests of the parties' children that appellant be ordered to pay a deviated child support amount of $678.85 per month, plus processing charge. The court further found that it was in the children's best interests that each party pay his or her own work-related childcare expenses. The court explained its consideration of factors affecting a deviation pursuant to R.C. 3119.23, but did not attach a child support worksheet to its judgment entry, and did not make specific findings of fact supporting its finding that a deviation from the guideline child support amount was warranted.
 {¶ 7} The instant appeal followed, and therein appellant asserts the following three assignments of error for our review:
1. The trial court erred and committed reversible error when it failed to comply with the mandatory requirements of chapter 3119 when the court calculated child support.
2. The trial court erred and abused its discretion when it ordered plaintiff-appellant to pay child support to defendant-appellee.
3. The trial court erred, abused its discretion, and ruled against the manifest weight of the evidence when it ordered plaintiff-appellant to pay child support to the defendant-appellee without findings that supported a decision to designate defendant-appellee the residential parent to calculate child support and order plaintiff-appellant to pay child support.
 {¶ 8} We begin by recalling the standard of review applicable to our review of appellant's assignments of error. A trial court has considerable discretion related to the calculation of child support, and, absent an abuse of discretion, an appellate court will not disturb a child support order. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390,686 N.E.2d 1108. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 9} In support of his first assignment of error, appellant argues that the judgment must be reversed because the trial court did not comply with R.C. 3119.02, which requires the trial court to attach a completed child support worksheet to any judgment entry in which it orders child support. Appellant also points out that the trial court failed to state the precise figures that it used in its analysis, including the guideline amount with which it began and the amount of deviation from the guideline amount that it determined was warranted. Appellant argues that this failure to comply with the requirements of R.C. Chapter 3119 renders the court's child support order arbitrary and renders review of its decision impossible. In response, appellee argues that the absence in the record of a child support worksheet is a mere "technical violation" and that the court clearly took into account all of the relevant evidence, considered all statutory factors and thoroughly explained its rationale in ordering child support.
 {¶ 10} In the case of Marker v. Grimm (1992), 65 Ohio St.3d 139,601 N.E.2d 496, the Supreme Court of Ohio held, at the syllabus:
1. A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's record.
2. The terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects.
3. Any court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination.
(Emphasis added.)
 {¶ 11} Section 3113.215 of the Ohio Revised Code was repealed effective March 22, 2001. Sections 3119.02 and 3119.22 are among the current provisions analogous to former R.C. 3113.215, and contain language identical to the language in former R.C. 3113.215 concerning the responsibility of the trial court to calculate the amount of child support in accordance with the child support schedule and applicable worksheet. Section 3119.22 also contains language identical to that in former R.C. 3113.215 concerning the requirement that the trial court support with specific findings of fact any deviation from the guideline amount.
 {¶ 12} We have previously followed Marker and reversed an order for child support where the record did not contain the trial court's child support worksheet. See, e.g., Lopez v. Lopez, 10th Dist. No. 04AP-408, 2005-Ohio-1155, at ¶ 46. Likewise, in the present case, the trial court having failed to complete a child support worksheet and to make the same a part of the record, we must reverse and remand. Without a complete child support worksheet showing the guideline amount that the court used as the starting point for its analysis, and without specific findings indicating the amount of, and reasons for, any deviation from the guideline amount, the court's judgment entry fails to ensure that it will be subject to meaningful appellate review, and is thus an abuse of discretion. In re Day, 7th Dist. No. 01BA28, 2003-Ohio-1215. In the present case, because the trial court failed to attach a completed child support worksheet to its journal entry, and failed to include therein detailed findings of fact to support its child support order, we must reverse.
 {¶ 13} This is true despite the fact that the trial court utilized roughly six pages of its judgment entry discussing the child support guidelines and the deviation therefrom that the court found appropriate. One page is devoted to explaining why the magistrate's conclusion that a downward deviation to zero was not in the best interests of the children. Another nearly five pages of the judgment entry is consumed by a survey of the testimony of the parties as the same related to specific figures used in the (uncompleted) child support worksheet, and the statutory factors to be considered in assessing the appropriateness of any deviation. Unfortunately, missing from the court's judgment entry is a completed worksheet setting forth the guideline child support amount that the court used as a starting point for its analysis, a statement of the exact amount of the deviation granted, and specific findings of fact supporting the court's deviation and resultant child support order. This court cannot review the trial court's ultimate conclusions in any meaningful way in the absence of such specific findings. Accordingly, appellant's first assignment of error is sustained.
 {¶ 14} In support of his second and third assignments of error, appellant argues that the trial court abused its discretion in ordering child support when the previous court order did not include any child support, because the evidence does not support the conclusion that the parties' financial circumstances and division of parenting time warrant an order for child support. Appellant also argues that the trial court set forth no findings that support its decision, pursuant to R.C. 3119.22.
 {¶ 15} Appellant points out that the trial court repeatedly referred to appellant as having remarried when in fact he had not yet remarried at the time of the hearing before the magistrate. He also argues that the evidence demonstrated that appellee is actually in a better — not worse — financial situation than she was in at the time of the parties' divorce, and that the parties share parenting time with the children virtually equally. This evidence, appellant argues, demonstrates that child support was inappropriate.
 {¶ 16} In response, appellee argues that the evidence clearly established that appellant's work-related childcare expenses had decreased by almost $7,000, and that appellee's work-related childcare expenses had actually increased since the parties' divorce. This, coupled with changes in both parties' incomes, she urges, "would make it appropriate to revisit the issue of child support." (Brief of Appellee, at 9.)
 {¶ 17} Though appellant sets forth several interconnected arguments under each of the second and third assignments of error, it appears that the primary substance of both assignments of error is the notion that the trial court had no basis to modify the thenpresent arrangement with respect to child support and to even consider ordering such support, in light of the evidence adduced, and given the fact that the existing order specified that no child support be paid.
 {¶ 18} However, the Supreme Court of Ohio has held that the amount of child support payable according to the Child Support Guidelines is rebuttably presumed to be the correct amount of support due, even in a case where, as here, child support is being requested after the parties initially agreed that the amount of support to be paid would be zero. SeeDePalmo v. DePalmo (1997), 78 Ohio St.3d 535, 679 N.E.2d 266.
 {¶ 19} In DePalmo, the parties had earlier agreed that no child support would be paid on behalf of the minor child, but, four years later, the father sought an order that the mother pay child support. The mother argued that the father was required to demonstrate a change in circumstances in the same manner that he would have been required had he requested a modification of a previous child support order, pursuant to former R.C. 3113.215(B)(4). That statute, which has been repealed but replaced with R.C. 3119.79, which contains nearly identical language, required, as a condition precedent to any modification of an existing child support order, that the court find that the obligor's recalculated annual obligation would represent a change of at least 10 percent more or less than the existing child support order.
 {¶ 20} The Supreme Court of Ohio disagreed, and held, at paragraph one of the syllabus, "[w]hether a court is establishing an initial child support order or whether the court is modifying an order based on anagreement between the parties that does not include any order for thepayment of child support, the court must apply the Child Support Guidelines as required by the standards set out in Marker v. Grimm
(1992), 65 Ohio St.3d 139, 601 N.E.2d 496." (Emphasis added.) In Marker,
the court held that the trial judge is required to comply strictly with former R.C. 3113.215, and that the Child Support Guidelines are "rebuttably presumed to be the correct amount of support due" and must be ordered unless the court has (1) made a factual determination that following the Child Support Guidelines would be unjust and inappropriate and not in the child's best interests, including setting forth criteria as to why this is so, and (2) made an actual entry in the journal of the findings of fact to support that determination. Marker, supra, at 141.
 {¶ 21} In DePalmo, the court noted that when the trial court made the parties' earlier agreement an order of the court, the order contained no findings of fact or any determination that the application of the Child Support Guidelines would be unjust or inappropriate. "The entry appeared to be merely a rubber-stamping of an agreement between the parties which waived support from [the mother]." DePalmo, at 539. The court went on to explain:
The law favors settlements. However, the difficult issue of child support may result in agreements that are suspect. In custody battles, choices are made, and compromises as to child support may be reached for the sake of peace or as a result of unequal bargaining power or economic pressures. The compromises may be in the best interests of the parents but not of the child. Thus, the legislature has assigned the court to act as the child's watchdog in the matter of support.
Id. at 540. (Citation omitted.)
 {¶ 22} Thus, the DePalmo case stands for the proposition that trial courts must independently analyze the appropriateness of the imposition of guideline child support, whether it is at the stage of the initial order respecting the issue of child support, or at a later stage, after one or both of the parties has asked the court to revisit the issue. This is true regardless whether the parties have previously agreed that no child support will be paid by either of them. In the present case, though the parties had previously arrived at such an agreement, appellee's motion invoked anew the trial court's obligation to begin with the rebuttable presumption that guideline child support was in the children's best interests, and to determine, pursuant to Marker v. Grimm, under the strict guidelines of R.C. Chapter 3119, whether and in what amount, child support should be paid by either party.
 {¶ 23} Thus, for the same reasons we articulated in our discussion of appellant's first assignment of error, the trial court abused its discretion in ordering child support without attaching a completed child support worksheet to its judgment entry, expressly articulating a finding that application of the Child Support Guidelines would be unjust, inappropriate and not in the children's best interests, setting forth findings of fact supporting this conclusion, expressly stating how much of a deviation it found appropriate based upon the evidence adduced, and setting forth findings supporting such a deviation. Because the trial court failed to fulfill these requirements, we are unable to engage in any revelatory review of the trial court's decision. Accordingly, appellant's second and third assignments of error are sustained in part. We decline to consider these assignments of error insofar as they challenge the court's order as being unsupported by the evidence since, as we have explained, such a review is impossible at this juncture.
 {¶ 24} For all of the foregoing reasons, appellant's first, second and third assignments of error are sustained. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed and remanded to that court for a new evidentiary hearing. Following such hearing, the trial court shall journalize a judgment entry granting or denying appellee's motion for reallocation of parental rights and responsibilities and determining whether child support is appropriate, all in accordance with the provisions of R.C. Chapter 3119.
Judgment reversed and cause remanded with instructions.
Brown, P.J., and Lazarus, J., concur.