JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Archie Harrison ("Harrison"), appeals the juvenile court's decision to modify his child support payments. Finding merit to the appeal, we reverse and remand.
 {¶ 2} In 1993, a parent-child relationship was established between Harrison and his then minor child, who was born on May 26, 1984. Harrison was ordered to pay child support. In July 1998, Harrison filed a motion to modify his child support obligation due to an alleged decrease in income. At the time, he was paying $558 per month in child support. He retired from employment due to a disability in February 1999.
 {¶ 3} The juvenile court magistrate dismissed Harrison's motion to modify in 2000, and Harrison filed objections. In 2001, the trial court reinstated the motion but took no action on the motion to modify until December 2005, almost seven and one-half years after the motion was originally filed.
 {¶ 4} In December 2004 and February 2005, the trial court heard evidence on Harrison's motion. The court then requested additional information and held a final hearing in August 2005. In December 2005, the court ordered that Harrison pay, retroactive to July 1998, $711.36 per month in child support.[1] The court based its upward adjustment on the parents' incomes for 1998, the year in which the motion was filed.
 {¶ 5} Harrison appeals, raising two assignments of error for our review.
 {¶ 6} A trial court has considerable discretion related to the calculation of child support and, absent an abuse of discretion, an appellate court will not disturb a child support order. Pauly v.Pauly, 80 Ohio St.3d 386, 390, 1997-Ohio-105, 686 N.E.2d 1108. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 7} In his first assignment of error, Harrison argues that "the trial court abused its discretion in failing to complete and make part of its judgment entry applicable child support guideline worksheets." He claims that he never received the child support computation worksheet, and said worksheet is crucial in reviewing the court's order.
 {¶ 8} In Marker v. Grimm (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, at syllabus, the Supreme Court of Ohio held:
 "1. A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's record. "2. The terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects. "3. Any court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination."[2]
 {¶ 9} The trial court must comply with this requirement to ensure its order is subject to meaningful appellate review. Id. at 142. The failure to do so constitutes an abuse of discretion. Rock v. Cabrai (1993),67 Ohio St.3d 108, 616 N.E.2d 218. We have previously reversed courts that were not in strict compliance with the requirements as set forth in the Revised Code and Marker. See e.g., M.A.H. v. S.F., Cuyahoga App. No. 81544, 2003-Ohio-4049; Kouchecki v. Kouchecki (July 6, 2000), Cuyahoga App. No. 76537.
 {¶ 10} In the instant case, we find that there is no child support computation worksheet in the record reflecting the actual order entered by the trial court. The trial court failed to attach a completed child support worksheet to its order or otherwise make it a part of the record. Although the trial court indicated in its journal entry that it was incorporating and attaching the worksheet as "Exhibit A," a review of both the original signed journal entry and the voluminous file reveal no such worksheet. Because the trial court failed to attach a completed child support worksheet to its journal entry and make the worksheet part of the record, we must reverse and remand.
 {¶ 11} Therefore, the first assignment of error is sustained.
 {¶ 12} In his second assignment of error, Harrison argues that "the trial court abused its discretion in failing to complete different support orders for different time periods."
 {¶ 13} The trial court determined that it could only consider Harrison's 1998 income, the year in which he filed the motion. The trial court determined that, pursuant to R.C. 3119.79(A), a substantial change in circumstances existed to sustain the motion to modify support and increased Harrison's support payments to $711.36 per month. The trial court also stated that it could only consider his income for the year in which Harrison filed the motion, and could not consider any subsequent years.
 {¶ 14} Harrison argues that the trial court should consider subsequent years because his income decreased dramatically when he retired in 1999. He further claims that he first filed the motion to modify in 1998, upon the advice of counsel, because he was preparing to retire in early 1999 and wanted his child support obligation to reflect the anticipated decrease in his income.
 {¶ 15} We find that the trial court was not bound to consider only the 1998 income and, further, that the court abused its discretion when it failed to consider income from the subsequent years when Harrison filed motions alleging a further change in circumstances.
 {¶ 16} The trial court relied on our previous decision in O'Neill v.O'Neill (May 20, 1999), Cuyahoga App. No. 73407, in which we stated that "a trial court may consider the income of the support obligor only for the year in which the motion was filed; to consider income from years subsequent to the filing year constitutes an impermissible sua sponte modification of child support."
 {¶ 17} Although the trial court accurately quoted O'Neill and its progeny, we find that the instant case is distinguishable. The court inO'Neill relied on Justinger v. Schlegel (Sept. 26, 1994), Paulding App. No. 11-94-2, 1994 Ohio App. Lexis 4410. In both Justinger andO'Neill, the trial courts modified child support orders and the adversely affected parties appealed the modifications. Both cases were reversed on appeal and, upon remand, the respective trial courts not only entered an initial support modification, but entered new and separate orders to reflect increases in income earned during the time that the appeals had been pending. The appellate courts held that the trial courts could not make what amounted to a sua sponte second modification of child support when only the original motion to modify had been pending. In Justinger, supra at *8, the court held, in pertinent part:
 "The only way for the trial court to be able to modify support as [it] did * * * was for there to be another motion to modify filed by either [party]. R.C. 31 13.215(B)(4) does not provide for a trial court's sua sponte modification of child support. Thus, the trial court's attempt to modify child support without a motion by either party, constitutes error."
 {¶ 18} We agreed in O'Neill and held that the only way in which the trial court could modify the support for the years after the initial motion was filed would be if one of the parties filed a subsequent motion to modify.
 {¶ 19} In the instant case, Harrison filed subsequent motions during the years in which his original motion was pending. Harrison filed a motion to stay his support order in June 1999, citing his poor health and retirement. Thus, the court would not be making a sua sponte modification of child support but would be ruling on pending motions.
 {¶ 20} The trial court should have considered income in both 1998 and 1999 when Harrison filed his motions. The motions were pending on the trial court docket for over seven years, during which Harrison's income dramatically decreased. Harrison made the court aware of his change in circumstances through his initial filing and again in 1999 when he filed a motion for stay. In the motion for stay of execution, he reminded the court that it had yet to rule on his 1998 motion to modify and stated that his income had decreased due to his retirement. Even the trial court acknowledged in its final order that Harrison's income decreased in 1999 when he retired.
 {¶ 21} The practical effect of holding that the court's order could only reflect the parties' circumstances at the time the original motion was filed would have been to require Harrison to file another motion for modification of support while the 1998 motion was still pending. We see no reason why Harrison should be required to file a subsequent motion to modify when he made the court aware of his impending change in income and filed several additional motions request ing that the court stay or terminate support due to a change in circumstances. Such a rule would not serve the goal of judicial economy or the best interest of the child. See Allen v. Allen, Greene App. No. 2004CA32, 2005-Ohio-431.[3]
 {¶ 22} Therefore, the second assignment of error is sustained.
Accordingly, judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.
It is, therefore, ordered that appellant recover of appellee the costs herein.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the juvenile court division of the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J. and MELODY J. STEWART, J. CONCUR
[1] Harrison was ordered to pay $711.36 per month from July 1998 to June 2003, when the child became emancipated. Due to Social Security benefits and pension benefits received by the child, Harrison was ordered to pay only $814.96 in arrearages.
[2] R.C. 3113.215 was repealed in 2001. R.C. 3119.02 and 3119.22 are among the current provisions analogous to former R.C. 3113.215, and contain language identical to the language contained in former R.C.3113.215 regarding the responsibility of the trial court to calculate the amount of child support in accordance with the child support schedule and applicable worksheets. Cameron v. Cameron, Franklin App. No. 04AP-687, 2005-Ohio-2435. R.C. 3119.22 also contains language identical to former R.C. 3113.215 providing that the trial court support with specific findings of fact any deviation from the guideline amount. Id.
[3] Although we cite Allen, supra, we express no opinion regarding theAllen court's determination that R.C. Chapter 3119 eliminated the ten percent deviation rule found in the former R.C. 3113.215. See R.C.3119.79(A).