[Cite as *Lawrence v. McCraw*, 2011-Ohio-6334.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

KATIE M. LAWRENCE

    Appellant

    v.

DENNIS J. MCCRAW

    Appellee

C.A. No.      10CA0079-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     09PA0120

DECISION AND JOURNAL ENTRY

Dated: December 12, 2011

---

BELFANCE, Presiding Judge.

{¶1}    Plaintiff-Appellant Katie M. Lawrence appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we reverse.

I.

{¶2}    Ms. Lawrence and Defendant-Appellee Dennis McCraw have never been married but are the biological parents of one child. For a period of time, Mr. McCraw was paying child support for the parties' son pursuant to an order, but his obligation to do so was canceled when the parties moved back in together. After the parties separated again, Ms. Lawrence initiated this action in May 2009 by filing a complaint/motion, pro se, inter alia, seeking the establishment or modification of child support.

{¶3}    A hearing on the matter was held before a magistrate on September 15, 2009. Although custody and companionship were at issue, the parties informed the court that they had

reached an agreement concerning custody and companionship. In addition, the parties resolved the child support issue. The magistrate issued a decision which, inter alia, ordered Mr. McCraw to pay $300.58 per month plus a two percent processing charge in child support. The magistrate's decision regarding the amount of child support was based upon a child support worksheet, which was dated December 12, 2006, and was not signed by either party. In addition, the magistrate's decision provided that the dependency tax exemption would be awarded to Ms. Lawrence in odd-numbered years and to Mr. McCraw in even-numbered years. Ms. Lawrence filed an "appeal" in the trial court which appears to be objections to the amount of the child support award and the allocation of the dependency tax exemption. Thereafter, Ms. Lawrence retained counsel and filed supplemental objections and an accompanying affidavit averring that the 2006 worksheet does not represent the parties' current incomes and that she agreed to the amount of child support previously ordered in 2006 because Mr. McCraw threatened her. The trial court held a hearing on the objections. Relevant to this appeal, the trial court overruled Ms. Lawrence's objections, awarded the dependency tax exemption to Mr. McCraw in alternating years and ordered that Mr. McCraw pay $300.58 in child support per month. Ms. Lawrence has appealed, raising a single assignment of error for our review. Mr. McCraw has not filed an appellate brief in this Court, and, thus, "the [C]ourt may accept [Ms. Lawrence's] statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

## II.

## ASSIGNMENT OF ERROR

"The trial court erred in establishing child support without a child support calculation sheet based on the parties['] present income, no support order existed at the time of the hearing; and erred in granting Appellee the tax exemption every other year without any supporting evidence."

{¶4} Ms. Lawrence asserts in her assignment of error that the trial court erred in ordering a child support award without completing a child support worksheet and that the trial court erred in awarding the tax exemption without having evidence in the record to support that award. We agree.

**Child Support Award**

{¶5} The first portion of Ms. Lawrence's assignment of error challenges the trial court's award of child support.

{¶6} Generally, "[w]e review matters involving child support under the abuse-of[-]discretion standard." (Internal quotations and citations omitted.) *Freeman v. Freeman*, 9th Dist. No. 07CA0036, 2007-Ohio-6400, at ¶19. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶7} A transcript of the magistrate's hearing evidences that a good portion of the proceedings took place off the record. When the parties came back on the record, the following exchange took place:

> "The Court: Okay. Now, with regard to the child support issue, we had had a lot of discussion off the record with regard to child support. At this time, I understand that the parties have reached an agreement that the magistrate's decision can be issued and put into effect. The child support order that was administratively in effect prior to February of this year, so what the Court would do is retrieve the last child support administrative order that had been in place at that time which was canceled when you and Mr. McCraw when the two you had resumed living together for a time. Is that where you want the child support order? Is that what you want to have happen with regard to the child support order in this case, Miss Lawrence?
>
> "Ms. Lawrence: At this time, yes.
>
> "The Court: Okay. Mr. McCraw, is that what you want to have happen at this time?
>
> "Ms. Lawrence: Yes.

"The Court: Okay. All right. Then based on your agreement on these issues, I will put together a magistrate's decision that puts into place what you've agreed to."

Thus, from the record, it appears that the parties agreed to a child support award of $300.58 per month payable by Mr. McCraw. Thereafter, the magistrate issued a decision reflecting the same. Attached to the magistrate's decision was child support worksheet dated December 2006, reflecting a support amount of $300.58. The trial court overruled Ms. Lawrence's related objections and ordered Mr. McCraw to pay $300.58 per month in child support.

{¶8} R.C. 3119.02 provides that:

"In any action in which a court child support order is issued or modified, in any other proceeding in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order, or when a child support enforcement agency determines the amount of child support that will be paid pursuant to an administrative child support order, the court or agency shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the Revised Code. The court or agency shall specify the support obligation as a monthly amount due and shall order the support obligation to be paid in periodic increments as it determines to be in the best interest of the children. In performing its duties under this section, the court or agency is not required to accept any calculations in a worksheet prepared by any party to the action or proceeding."

Further, in applying a similar statute, the Supreme Court of Ohio has held that "[w]hether a court is establishing an initial child support order or whether the court is modifying an order based on agreement between parties that does not include any order for the payment of child support, the court must apply the Child Support Guidelines as required by the standards set out in *Marker v. Grimm* (1992), 65 Ohio St.3d 139[.]" *DePalmo v. DePalmo* (1997), 78 Ohio St.3d 535, paragraph one of the syllabus. *Marker* provides that:

"A child support computation worksheet, required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215, must actually be completed and made a part of the trial court's record. [Further,] [t]he terms of R.C. 3113.215 are mandatory in nature and must

be followed literally and technically in all material respects." Id. at paragraphs one and two of the syllabus.

"Sections 3119.02 and 3119.22 are among the current provisions analogous to former R.C. 3113.215, and contain language identical to the language in former R.C. 3113.215 concerning the responsibility of the trial court to calculate the amount of child support in accordance with the child support schedule and applicable worksheet." *Cameron v. Cameron*, 10th Dist. No. 04AP-687, 2005-Ohio-2435, at ¶11. "[T]he amount determined under the Child Support Guidelines [i]s rebuttably presumed to be the correct amount of child support due[.]" (Internal quotations and citations omitted.) *DePalmo*, 78 Ohio St.3d at 538. That amount must be ordered unless the court "(a) made a factual determination and set forth criteria as to why following the guidelines would be unjust or inappropriate and not in the best interest of the child and (b) made an actual entry in the journal of findings of fact to support that determination." Id.; see, also, R.C. 3119.22

{¶9} In the instant matter, it is clear that neither the magistrate nor the trial court completed a new child support worksheet as required by R.C. 3119.02 and the Supreme Court, as the child support worksheet in the record is dated 2006. Further, from the limited record, it is unclear what kind of evidence, if any, was received by the magistrate off the record. Thus, it is unclear if the income figures in the 2006 worksheet represent the current income figures of the parties. Without completing a new worksheet with current information, it was impossible for the court to know what amount was presumptively in the child's best interest. See *DePalmo*, 78 Ohio St.3d at 538. Moreover, absent that information, neither the magistrate nor the trial court could determine whether the agreed child support figure was in the best interests of the child.

{¶10} This is not to say that the parties cannot come up with an agreed amount of child support. It is true that the law favors settlements. Id. at 540.

"However, the difficult issue of child support may result in agreements that are suspect. In custody battles, choices are made, and compromises as to child support may be reached for the sake of peace or as a result of unequal bargaining power or economic pressures. The compromises may be in the best interests of the parents but not of the child. Thus, the legislature has assigned the court to act as the child's watchdog in the matter of support." Id.

{¶11} Thus, regardless of any agreement by the parties, the court is required to complete a child support worksheet and make it part of the record. See id. at paragraph one of the syllabus, 540. Only at that point, can the court consider the parties' agreement. Assuming the parties' agreed amount of child support represents a deviation, the court may then determine whether, based upon the test outlined in the statute, a deviation is in the best interests of the child. See id. at 538; R.C. 3119.22, R.C. 3119.23; see, also, *Day v. Bloom*, 9th Dist. No. 06CA0039-M, 2006-Ohio-6957, at ¶9 ("In order for the parents' agreement altering child support to have any legal effect, the parents need to seek court approval of their agreement and the agreement must comport with the Child Support Guidelines and the standards set forth in *Marker v. Grimm* (1992), 65 Ohio St.3d 139."); *Wigal v. Wigal*, 4th Dist. Nos. 06CA70, 07CA10, 2008-Ohio-747, at ¶25 ("Although neither party provided the trial court with recent information to complete a worksheet (and it is tempting to apply a waiver theory on this point), support payments are not intended to benefit a custodial parent, or to penalize a non-custodial parent. Child support is solely for the benefit of the children. * * * Thus, the children deserve support commensurate with their parents' current income and expenses.").

{¶12} Accordingly, as it is unclear whether the worksheet contains the current income of the parties, and because the trial court did not complete a new worksheet in determining the child support award, we sustain Ms. Lawrence's assignment of error in part and remand the matter for further proceedings consistent with this opinion.

**Dependency Tax Exemption**

**{¶13}** Ms. Lawrence challenges the award of the dependency tax exemption in the second portion of her assignment of error.

**{¶14}** "The allocation of tax exemptions between parents will not be disturbed absent an abuse of discretion." *Ankney v. Bonos*, 9th Dist. No. 23178, 2006-Ohio-6009, at ¶38, overruled on other grounds by *Gunderman v. Gunderman,* 9th Dist. No. 08CA0067-M, 2009-Ohio-3787.

**{¶15}** R.C. 3119.82 provides the relevant statutory framework for trial courts to utilize in determining how to award the dependency tax exemption:

> "Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the 'Internal Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C. 1, as amended. If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children."

In the instant matter, there was no evidence in the record to support the conclusion that there was an agreement as to the tax exemption. Thus, pursuant to R.C. 3119.82, the trial court was required to do the following:

> "If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children."

In the instant matter, Ms. Lawrence was designated the residential parent and legal custodian; however, the court awarded the exemption to Mr. McCraw in alternating years. While the court

did state in its entry that it reviewed the factors contained in the statute and thereafter concluded that the tax exemption award was in the child's best interest, the record does not contain any current information regarding the parties' financial situation (aside from the outdated child support worksheet), tax information, or any of the parties' tax records. This Court has previously held that "[w]hile the trial court does not need to state a basis for allocating the exemption, the record does need to include financial data in relation to the above factors to support the trial court's decision." *Ankney* at ¶40. Accordingly, based upon the record before us, the trial court erred in awarding the tax emption to the non-residential parent in alternating years without having any financial data in the record to support its decision. See id.; R.C. 3119.82. We therefore sustain this portion of Ms. Lawrence's assignment of error.

### III.

{¶16} In light of the foregoing, we sustain Ms. Lawrence's assignment of error, reverse the decision of the Medina County Court of Common Pleas, Domestic Relations Division, and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR

APPEARANCES:

L. RAY JONES, Attorney at Law, for Appellant.

DENNIS J. MCCRAW, pro se Appellee.