[Cite as *Brown v. Allala*, 2013-Ohio-3507.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

LARISSA D. BROWN

    Appellant

    v.

PATRICK N. ALLALA

    Appellee

C.A. No.     26689

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR 2007-08-2575

DECISION AND JOURNAL ENTRY

Dated: August 14, 2013

BELFANCE, Judge.

{¶1} Appellant Larissa Brown appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we reverse and remand the matter for proceedings consistent with this opinion.

I.

{¶2} Ms. Brown and Patrick Allala are the parents of Z.B., born September 8, 2006. Ms. Brown and Mr. Allala have never been married. Mr. Allala is a non-U.S. citizen who originally came to this country under a student visa. Beginning in 2007, Mr. Allala was ordered to pay $335.00 per month plus processing fees in child support. In 2008, Ms. Brown moved to modify child support and establish a parent/child relationship. Ultimately, Ms. Brown was designated the residential parent of Z.B. in 2009. Beginning in May 2009, Mr. Allala's child support was increased to $536.75 per month plus processing fees.

**{¶3}** In November 2011, the Summit County Child Support Enforcement Agency ("CSEA") conducted an administrative review of the child support award and recommended that child support be modified to $580.27 per month. Mr. Allala requested a modification hearing. CSEA conducted an administrative hearing pursuant to R.C. 3119.63. The hearing officer found that Mr. Allala was a non-U.S. citizen who was working for Akron Children's Hospital under a H1B sponsorship work visa; however, his employment was terminated when the work visa expired. Mr. Allala was unable to secure other employment because he could not get sponsorship for a work visa. The hearing officer discussed Mr. Allala's efforts to secure employment and/or a visa.

**{¶4}** After hearing the testimony, the hearing officer recommended that child support be reduced to zero for the time period Mr. Allala remained unemployed. Accordingly, CSEA filed a recommendation in the trial court that support be modified to zero. To that filing, CSEA attached a completed child support worksheet reflecting the information that resulted in the initial pre-hearing $580.27 per month child support award recommendation. Ms. Brown filed objections to CSEA's recommendations in the court of common pleas and a hearing was held before a magistrate. The magistrate concluded that, given Mr. Allala's then-present inability to find work, he was unable to contribute financially to Z.B.'s care. The magistrate issued a decision finding that, effective December 1, 2011, Mr. Allala's child support obligation was suspended through November 30, 2012, or until Mr. Allala obtained employment, whichever occurred first. Effective December 1, 2012, or when Mr. Allala obtained employment, Mr. Allala was again obligated to pay $536.75 per month in child support plus processing fees. No child support worksheet was attached to the magistrate's decision. The trial court adopted the magistrate's decision that same day and entered judgment. Ms. Brown filed objections to the

magistrate's decision. The trial court overruled Ms. Brown's objections and ordered that Mr. Allala's child support obligation be terminated "until such time as [Mr. Allala] either obtains employment in the United States or is no longer residing in the United States." The trial court did not attach a child support worksheet to its entry. Ms. Brown has appealed, raising five assignments of error for our review.

## II.

**{¶5}** Generally, "[w]hen reviewing an appeal from the trial court's ruling on objections to a magistrate's decision, this Court must determine whether the trial court abused its discretion in reaching its decision." *Daniels v. O'Dell*, 9th Dist. Summit No. 24873, 2010–Ohio–1341, ¶ 10. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049–M, 2009–Ohio–3139, ¶ 18. "It is well established that a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997).

## III.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY FAILING TO ATTACH A CHILD SUPPORT COMPUTATION WORKSHEET TO THE COURT'S DECISION SUSPENDING FATHER'S CHILD SUPPORT AND THE COURT'S ORDER TERMINATING FATHER'S SUPPORT WHEN SUPPORT HAD PREVIOUSLY BEEN ESTABLISHED[.]

**{¶6}** Ms. Brown asserts in her third assignment of error that the trial court erred in failing to attach a child support worksheet to its decision. Because there is nothing in the record that suggests the trial court adopted any child support worksheet or completed one of its own in determining an appropriate child support award, we agree the trial court erred.

**{¶7}** In the instant matter, CSEA initiated an administrative hearing pursuant to R.C. 3119.63 after Mr. Allala requested review of CSEA's determination that his child support should be increased to $580.27. Following the hearing, CSEA recommended that child support be modified to $0 per month until Mr. Allala could obtain employment. Ms. Brown then filed objections in the court of common pleas and a request for a court hearing. *See* R.C. 3119.63(E), 3119.64. At that hearing, it was the court's responsibility to "determine whether the revised amount of child support [wa]s the appropriate amount and whether the amount of child support being paid under the court child support order should be revised." R.C. 3119.66; R.C. 3119.70. It is unclear from the entries whether the required determinations were made. *See Li v. Yang,* 8th Dist. Cuyahoga No. 96741, 2012-Ohio-2491, ¶ 35. Notably, neither the magistrate nor the trial court reference a child support worksheet or the basic child support schedule. The only relevant child support worksheet in the record is that submitted by CSEA in association with its recommendation to modify support, and that worksheet uses income figures for Mr. Allala from a point in time when he was still employed. Neither the magistrate nor the trial court adopted the CSEA child support worksheet. Instead, the trial court concluded that it was permitted pursuant to R.C. 3119.06 to issue an order essentially exempting Mr. Allala from paying support while he was unemployed. While the trial court indicated that it was terminating support, given its reliance on R.C. 3119.06 and the language within that statute, the trial court was in actuality modifying the child support award to zero. *See* R.C. 3119.06 (referring to actions issuing or modifying a child support order or proceedings determining the amount of child support to be paid but not terminations of child support); *see also* R.C. 3119.88 (stating the reasons for terminating a child support order).

**{¶8}** R.C. 3119.02 provides that

> In any action in which a court child support order is issued or modified, in any other proceeding in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order, or when a child support enforcement agency determines the amount of child support that will be paid pursuant to an administrative child support order, the court or agency shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the Revised Code. The court or agency shall specify the support obligation as a monthly amount due and shall order the support obligation to be paid in periodic increments as it determines to be in the best interest of the children. In performing its duties under this section, the court or agency is not required to accept any calculations in a worksheet prepared by any party to the action or proceeding.

**{¶9}** R.C. 3119.01(C)(2) defines "'[c]ourt child support order' [as] any order issued by a court for the support of a child pursuant to * * * 3119.70 of the Revised Code * * *." There is a rebuttable presumption that the amount calculated pursuant to the child support schedule and applicable worksheet is the correct amount due. *See* R.C. 3119.03. Deviations from the calculations obtained using the schedule and worksheet must comport with the requirements of R.C. 3119.22. *See* R.C. 3119.22; *see also Lawrence v. McCraw,* 9th Dist. Medina No. 10CA0079-M, 2011-Ohio-6334, ¶ 8.

**{¶10}** Under similar procedural circumstances, i.e. a court review of CSEA's recommendations concerning child support, this Court has concluded that, pursuant to *Marker v. Grimm*, 65 Ohio St.3d 139 (1992), a completed child support worksheet must be part of the record and a trial court's failure to comply with that requirement constitutes reversible error. *See Ilius v. Lewis,* 9th Dist. Medina No. 2571-M, 1997 WL 104657, *1 (Mar. 5, 1997); *see also Lawrence* at ¶ 8-9 (applying the holding in *Marker* to the current statutory framework). While there is a child support worksheet in the record, there is nothing that suggests the trial court adopted that worksheet or utilized it in rendering its decision. *See Long v. Long,* 3d Dist. Hardin

No. 6-04-17, 2005-Ohio-4052, ¶ 11. Moreover, the worksheet that is in the record uses income figures for Mr. Allala based on a time period when Mr. Allala was still employed. It is clear that the trial court concluded that Mr. Allala was no longer employed and would not likely be employed for some time. However, absent a worksheet, this Court is unable to properly evaluate the trial court's decision. Based upon the trial court's entry, we are unable even to determine if the trial court concluded that Mr. Allala had any gross income. *See* R.C. 3119.01(C)(7) (defining gross income to include items aside from salaries and wages). The trial court's entry does not allow this Court to sufficiently review its decision. Accordingly, this Court sustains Ms. Brown's third assignment of error and remands the matter so that the trial court can complete a child support worksheet and undertake the appropriate statutory analysis thereafter.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO ISSUE A MANDATORY MINIMUM ORDER OF SUPPORT AND BASED SUCH DETERMINATION ON FACTS NOT FOUND BY THE TRIER OF FACT[.]

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY TERMINATING AN ALIEN FATHER'S CHILD SUPPORT OBLIGATION UNTIL HE OBTAINS EMPLOYMENT OR NO LONGER LIVES IN THE UNITED STATES[.]

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED WHEN IT FAILED TO FIND FATHER WAS VOLUNTARILY UNEMPLOYED AND FAILED TO IMPUTE WAGES TO FATHER FOR THE PURPOSES OF CALCULATING CHILD SUPPORT[.]

ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED WHEN IT OVERRULED MOTHER'S OBJECTIONS TO THE MAGISTRATE'S DECISION, YET ISSUED A JUDGMENT ENTRY CONTRARY TO THE MAGISTRATE'S DECISION, MADE ADDITIONAL FINDINGS WHEN ONLY THE MAGISTRATE HAS THE OPPORTUNITY TO HEAR THE EVIDENCE IN THE CASE AND

RELIED UPON FATHER'S SELF-SERVING LAY TESTIMONY IN THE TRANSCRIPTS ON ISSUES REQUIRING AN EXPERT OPINION[.]

{¶11} Based upon our resolution of Ms. Brown's third assignment of error, we conclude her remaining assignments of error have been rendered moot, and we decline to address them at this time. *See* App.R. 12(A)(1)(c).

IV.

{¶12} In light of the foregoing, we sustain Ms. Brown's third assignment of error and remand this matter to the Summit County Court of Common Pleas for proceedings consistent with this opinion. Ms. Brown's remaining assignments of error are moot and we decline to address them at this time.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

LYNDA HARVEY WILLIAMS, and AVIVA L. WILCHER, Attorneys at Law, for Appellant.

PATRICK N. ALLALA, pro se, Appellee.